CHARLES H. CARLOW ET AL. V. C. AULTMAN & CO. ET AL.

[FILED FEBRUARY 4, 1890.]

1. **Decree:** VACATION: GROUNDS. The district court has no power to vacate or modify its own judgments or orders after the term at which said judgment or order was made, unless there exists at least one of the grounds mentioned in section 602 of the Code. *Held*, That the matters stated at length in the opinion were not sufficient to entitle the plaintiffs in error to a vacation of the decree.

2. **Cross-Petition:** NOTICE. When a defendant in an action files his answer and cross-petition within the time fixed by law, he is not required to give to the other parties to the suit any notice of the filing of such pleading.

3. **Judicial Sale:** NOTICE BY PUBLICATION. Where the first publication notice of a sheriff's sale was made March 16, the last April 13, and the notice was published in every issue of the paper between the date of the first publication and April 16, the day of sale, *held*, sufficient.

4. **Foreign Corporations:** TITLE TO REAL ESTATE. While section 1 of chapter 65 of the Laws of 1887 was in force, C. Aultman & Co., a foreign corporation, purchased real estate in this state at a judicial sale, *held*, that its title is valid against every one but the state, and can be divested only by proceedings brought by the state for that purpose.

5. **Error Proceedings:** EQUITY CAUSES: MOTION FOR A NEW TRIAL NECESSARY. In order to review the proceedings in the trial of an equity cause by a petition in error, a motion for a new trial must be filed as in an action at law.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

*F. B. Donisthorpe*, and *Robert Ryan*, for plaintiffs in error, cited: *Rosenfield v. Chada*, 10 Neb., 421; *Lawson v. Gibson*, 18 Id., 137; *Cockle Separator Co. v. Clark*, 23 Id., 702; *Kansas Mfg. Co. v. Gandy*, 10 Id., 83; *State Savings Bank v. Scott*, 11 Id., 448; *Mundy v. Whittemore*, 15 Id., 650; Schouler, Husband and Wife, sec. 260, and cases cited in N. 1, p. 307; Willard, Equity, 650.

*Sawyer & Snell, contra*, cited: *Pope v. Hooper*, 6 Neb., 178; *Thompson v. Sharp*, 17 Id., 69; *Wyant v. Tuthill*, Id., 495; *Messenger v. State*, 25 Id., 674; *Simmons Hardware Co. v. Brokaw*, 7 Id., 405; *Hapgood v. Ellis*, 11 Id., 131; *Cockle Separator Co. v. Clark*, 23 Id., 702; *Long v. Clapp*, 15 Id., 417; *Dutcher v. State*, 16 Id., 30; *Boldt v. Budwig*, 19 Id., 739; *Culver v. Judge*, 57 Mich., 30; *Suydam v. Bartle*, 9 Paige [N. Y.], 294, 1 Devlin, Deeds, sec. 127, and cases.

NORVAL, J.

On the 8th day of April, 1886, Frederick Curtis commenced a suit in the district court of Fillmore county, Nebraska, to foreclose a mortgage upon the south half of the southwest quarter of section fourteen (14), township five (5), range three (3) west, given to secure a note in the sum of one hundred and sixty dollars ($160), executed by Josephine Carlow and Charles H. Carlow. C. S. Cleveland and C. Aultman & Co. were made parties defendant. Personal service was had upon the Carlows, and they were required to answer by the 10th day of May, 1886. Service was made by publication upon C. Aultman & Co., and it was required to answer on or before the 17th day of May, 1886. On that day the company filed its answer

43

and cross-petition. The defendant, Charles H. Carlow, filed no pleading, and was duly defaulted. His wife filed an answer, and on the 29th day of May, 1886, the case was heard, and a decree rendered in favor of Frederick Curtis for $184.12, and the property ordered sold to pay Curtis, and the surplus, if any, was to be paid to the clerk of the court, to abide further orders. At the same time, C. Ault-& Co. were given leave to plead to the answer of Josephine Carlow. On the 3d day of November, 1886, the cause was heard on the demurrer of C. Aultman & Co. to the answer of Josephine Carlow. The court sustained the demurrer, and entered judgment in favor of C. Aultman & Co. for $536.10, and decreed that, after paying the costs and the amount found due Curtis, then the surplus should be applied to the payment of the amount found due C. Aultman & Co. An order of sale was issued on the 28th day of February, 1887, and on the 16th day of April, 1887, the property was sold to C. Aultman & Co., it bidding it in, in order to protect its lien. On the 31st day of May, 1887, an order was made to show cause by Thursday morning why the sale should not be confirmed. On the 2d day of June the court found that the sale had been conducted in all respects according to law, and it was duly confirmed.

The sale was made under the Curtis decree and not under the one in favor of C. Aultman & Co. On the 1st day of February, 1888, the said Josephine Carlow and Charles H. Carlow filed a petition to have the decree of C. Aultman & Co. vacated, and the order of confirmation and the sheriff's deed set aside. C. Aultman & Co. demurred to this petition, and the demurrer was overruled; but at the same time the cause was submitted upon the pleadings and evidence. The district court denied a rehearing and C. H. Carlow took an exception. The Carlows bring the case to this court on error.

The first objection urged is that the district court had no

jurisdiction over the person of the defendant, C. H. Carlow, as to the cross-petition of C. Aultman & Co. Personal service was had upon the Carlows, and they were required to answer the petition of the plaintiff below, Curtis, by the 10th day of May, 1886. At the commencement of the action C. Aultman & Co. was made a party defendant. Service was made upon it by publication, and it was required to answer on or before May 17, 1886. On that day the company filed its answer and cross-petition, but no notice was served upon the Carlows of the filing of this cross-bill. When a defendant files his answer and cross-bill within the time fixed by law, he is not required to give any notice to the other parties to the action. Carlow was bound to take notice of the filing of the cross-bill of C. Aultman & Co., and the district court had jurisdiction of the persons of the Carlows. (*Hapgood v. Ellis*, 11 Neb., 131; *Cockle Separator Co. v. Clark*, 23 Id., 702.)

It is claimed that the cross-petition is defective in not alleging " whether any proceedings have been had at law for the recovery of the debt secured by the mortgage." It is necessary that a cross-petition to foreclose a mortgage should contain this allegation. Such omission, however, is not sufficient ground for the district court to vacate its decree after the term at which it was rendered. It does not come under either of the subdivisions of section 602 of the Code.

We are precluded from examining the testimony to see if the decree is supported by the evidence, and also some of the other errors assigned, for the reason that no motion for a new trial was filed in the lower court. Where an equity cause is brought to this court for review, on error, a motion for a new trial should be presented to the district court the same as in an action at law.

Notice of the sheriff's sale was properly given. It was published five consecutive weeks, and thirty days intervened between the time of the first publication and the date of

the sale. The first publication was made March 16, the last on April 13, and the sale occurred April 16. The notice was published in every issue of the paper between the date of the first publication and the day of sale. As to the appraisement, it is sufficient to say that it was made according to law.

The last contention of the plaintiffs in error is that C. Aultman & Co. was prohibited from acquiring title to the land because it is a non-resident corporation. At the time of the sheriff's sale, section 1 of chapter 65 of the Laws of Nebraska, 1887, was in force and which provides: "That no non-resident, alien foreigner, who has not declared his intentions to become a citizen of the United States, nor any corporation or association not incorporated under the laws of this state, shall acquire or own, hold or possess, by right, title, or descent accruing hereafter, any real estate in the state of Nebraska."

The plaintiffs in error cannot take advantage of this statute. The title of C. Aultman & Co. is valid against everyone but the state, and can be divested only by proceedings brought by the state for that purpose. (*National Bank v. Matthews*, 8 Otto [U. S.], 621; 1 Devlin on Deeds, sec. 127, and cases there cited.)

We are satisfied that all the matters urged by the plaintiffs in error were insufficient to authorize the district court to vacate its decree rendered on the cross-petition of C. Aultman & Co. The order of the district court denying a new trial is affirmed.

ORDER AFFIRMED.

THE other judges concur.