Arnold v. Badger Lumber Co.

---

EDNA C. ARNOLD V. BADGER LUMBER COMPANY ET AL.

FILED MAY 2, 1893.    No. 4034.

**Pleading:** CROSS-PETITION FILED AFTER ANSWER DAY: DE- FAULT: NOTICE TO CO-DEFENDANTS. After answer day, if a defendant files a pleading, in the nature of a cross-petition, against his co-defendants who have not appeared in the action, such co-defendants can be concluded in respect thereto, only by their appearance, or after the service on them of a notice in the nature of a summons, as to such pleading.

ERROR from the district court of Lancaster county. Tried below before FIELD, J.

*Ores M. Quackenbush* and *J. E. Philpott,* for plaintiff in error.

*B. F. Johnson, contra.*

RYAN, C.

On December 26, 1889, the Badger Lumber Company filed in the district court of Lancaster county its petition for the foreclosure of its claim for a mechanic's lien on lot 10, block 5, in Sunnyside addition to the city of Lincoln. Edna C. Arnold was made defendant, as the owner of the said lot, while W. H. Tyler, F. W. Kent, S. J. Kent, George R. Miller, John Smith Sperry, B. G. Wright, and R. S. Young were joined as defendants, by reason of being claimants of liens on the same property. A summons was issued requiring the defendants to answer by the 22d day of April, 1889, which was in due time served on each of the defendants. Edna C. Arnold made no appearance and the decree complained of was rendered against her upon her default. On April 24, 1889, W. H. Tyler filed his answer, claiming the foreclosure of a mechanic's lien on the property described. On April 24, 1889, R. S. Young also answered the petition, asking the enforcement of his claim to a like lien. B. G. Wright and F. W. Kent filed a like answer, each for himself, on May 27, 1889. George R. Miller filed an answer of like purport on May 23, 1889, and on June 4, 1889, an answer and cross-petition with the same purpose was filed by J. S. Sperry. Finally, on November 21, 1889, the date of the decree, there was filed on behalf of S. J. Kent an answer and cross-petition for the same relief as had been asked by the other defendants as against Edna C. Arnold. Except as to the claim of the Badger Lumber Company no summons was issued, nor was notice of any kind served upon Edna C. Arnold, the owner of the property; neither did she in any manner appear for any purpose. The summons issued as to the

petition of the Badger Lumber Company required the defendants and each of them to answer by April 22, 1889; the first answer was filed two days afterward; from thenceforward they were dropped in until November 21, following. A decree was, on the date last named, entered in favor of each of the parties, who, as above, claimed liens against the lot in question. The judgment, in so far as it was in favor of each of the co-defendants of Edna C. Arnold, must be reversed, for reasons which will now be briefly stated.

In *Hapgood v. Ellis*, 11 Neb., 131, the rule was broadly stated that any defendant, regularly served with process, who fails to answer any material allegation contained in the answer of his co-defendant, is bound thereby, as well as by the decree founded thereon, and unless he appeals therefrom, the same becomes as to him *res adjudicata*.

In the *Cockle Separator Mfg. Co. v. Clark*, 23 Neb., 702, this broad statement was qualified thus: "While all parties to an action are bound to take notice of pleadings *properly filed within the time required by law*, yet, where a party in default obtains leave of court to file a pleading affecting other parties, the parties so affected should be notified of the filing of such pleading, unless such persons or their attorneys are present when the order is made." The decree which had been taken, as between the co-defendants, upon the answer of a co-defendant filed after the time when answers were required by law to be filed, and as to which no notice had been served or appearance made, was held properly to have been set aside in the district court. As between co-defendants, therefore, the rule is established that each is bound to take notice of such pleadings as shall be filed on or before the answer day named in the summons issued upon the original petition. After answer day, if a defendant files a pleading in the nature of a cross-petition against his co-defendants, who have made no appearance, such co-defendants can only be thereby affected by their

appearance as to such pleading, or after the service of a notice upon them in the nature of a summons, as to such pleading.

By the decree under consideration the co-defendants of Edna C. Arnold obtained affirmative relief as against herself and her property, after answer day, without her appearance, and without notice to her of the filing of the several answers asking such affirmative relief. It follows, therefore, that such part of the judgment must be and is reversed.

No objection having been made or discovered as to that part of the decree which enforces the right of the Badger Lumber Company to relief, it is affirmed.

JUDGMENT ACCORDINGLY.

THE other commissioners concur.