Patten v. Lane.

CHARLES T. PATTEN, APPELLANT, V. CHARLES H.
LANE ET AL., APPELLEES.

FILED JUNE 18, 1895.   No. 6301.

1. **Practice:** ACTIONS IN REM: NOTICE OF CROSS-BILL. Where,
   under our practice, the defendants to an action *in rem* are re-
   quired to disclose their interests in the subject of the contro-
   versy, notice of a cross-bill is to be regarded as a proceeding in
   the cause designed to assist in the prosecution thereof, and ac-
   cordingly interlocutory in character.

2. **Jurisdiction:** VALIDITY OF DECREE. In such case a decree
   based upon a cross-bill filed by a single defendant after answer
   day, his co-defendants having made no appearance, is irregular
   merely, and not void for want of jurisdiction.

3. **Notice of Cross-Bill.** *Arnold v. Badger Lumber Co.*, 36 Neb.,
   841, distinguished.

APPEAL from the district court of Douglas county.
Heard below before IRVINE, J.

*McClanahan & Halligan*, for appellant, cited: *Carlow
v. Aultman*, 28 Neb., 672; *Cockle Mfg. Co. v. Clark*, 23
Neb., 702; *Arnold v. Badger Lumber Co.*, 36 Neb., 841.

*Wharton & Baird, contra.*

POST, J.

This is an appeal from a decree of the district court for
Douglas county dismissing the petition of the plaintiff by
which he seeks to set aside a deed executed by him to the
defendant Lane for lot 10, in block 34, in Kountze Place,
in the city of Omaha; also to set aside a deed for the same
property from John F. Boyd, master commissioner, to
Henry F. Cady, and a deed from said Cady to Lane, also
for leave to redeem said property. The material facts are
as follows: On the 5th day of July, 1888, Andrew J.

Eaton, a single man, and Isabella K. Eaton, being the owners of the property above described, mortgaged the same to one Smith to secure their notes of even date therewith for $4,500.   On the 9th day of the same month they executed a second mortgage on said premises to one Bates for $250, and on the same day they executed a third mortgage to Fred W. Gray for $1,719.44.   On the 4th day of February, 1889, the Eatons conveyed the west half of said premises to William F. Chittick.   On the 9th day of May, 1890, said Eatons conveyed the east half of said premises to Ursella O. Bartlett, to whom on the day following said · Chittick conveyed the west half thereof, and who, on the 13th day of March, 1891, conveyed said lot to the plaintiff.   On the 4th day of March, 1889, Lewis Bradford commenced an action in the district court of Douglas county for the foreclosure of a mechanic's lien against said premises, to which the several mortgagees, as well as the holders of the title, Chittick and the Eatons, were made defendants.   Summons was served on the several defendants March 6, the answer day named therein being April 8, following.   On the day last named Fred W. Gray filed a demurrer to the petition, and on May 11 had leave to withdraw his demurrer and file answer .and cross-bill, in which he prayed for the foreclosure of his mortgage.   April 14, 1890, the petition of Bradford, the plaintiff, was dismissed at his cost.   April 15 the default of Chittick and the Eatons was entered, and on the same day the cause proceeded to decree on Gray's cross-bill, and in accordance with the prayer thereof. Under this decree the property was sold by Boyd, special master, to Cady, who subsequently conveyed to the defendant Lane, and two days thereafter the plaintiff conveyed his interest in said property to said defendant.

There are two facts appearing from the foregoing statement to which especial prominence is given in the brief of counsel, viz.: (1) That Mrs. Bartlett, through· whom the

Patten v. Lane.

plaintiff claims, acquired title from Chittick and the Eatons during the pendency of the foreclosure proceeding and after the entry of the decree therein; and (2) that her said grantors, who held the legal title at the time of the filing of the cross-bill, were not served with summons or other formal notice thereof. It is clear, both upon reason and authority, that if the court had acquired jurisdiction of the defendants named for the purpose of the cross-bill, not only they, but their grantees as well, are estopped by the decree subsequently rendered. Another proposition firmly established by the decisions of this court is that where a defendant, after answer day, files a pleading in the nature of a cross-petition for relief against a co-defendant, the latter is entitled to notice thereof. (See *Hapgood v. Ellis,* 11 Neb., 131; *Cockle Mfg. Co. v. Clark,* 23 Neb., 702; *Carlow v. Aultman,* 28 Neb., 672; *Arnold v. Badger Lumber Co.,* 36 Neb., 841; *Havemeyer v. Paul,* 45 Neb., 373.) The question was in each of the above cases presented by direct attack upon the decree. But in this case counsel assert that such notice is in its nature a jurisdictional process, without which the decree is not voidable merely, but absolutely void. Preliminary to a consideration of that question it should be observed that the district court in the decree appealed from in express terms found that the defendants in the former suit were legally notified of the filing of the cross-bill upon which the decree of foreclosure rests. The basis of that finding is the entry of notice in the motion docket conformably to the rules of the district court for Douglas county, which, so far as they relate to the subject in hand, are as follows:

" 15. All motions relating to actions, except such as are made at or during the progress of a trial or hearing, or not incident to or relate to the time of trial, or are grantable of course without notice, must be in writing, and filed, unless the court shall see fit to dispense therewith, when the motion is made in open court, in the presence of counsel for

the adverse party; and notice for the hearing of all such motions must be given as required by statute or these rules.

"16. A motion docket will be furnished for the use of the bar, and the filing of a motion, and the entry in such docket of notice of the motion, or the hearing of a demurrer, and entering the title of the cause in which it is filed, with date of entry, together with a brief statement of the object of the motion and the names of the attorneys of record in the cause for twenty-four hours before the morning of motion day, shall be notice thereof to the opposite party in all cases where a different notice is not required by statute."

It is argued that inasmuch as no provision has been made for the issuing and service of a formal summons upon the filing by a defendant of a pleading in the nature of a cross-bill, the character of the notice required and the time for pleading thereto is a subject within the jurisdiction of the court, and for an error of judgment in that regard the remedy is by motion to set aside the decree or other direct proceeding. It is further argued that it is within the power of the district court by rule to provide for notice in such cases; that under the rules above quoted, the entry in the motion docket was notice to each of the defendants of the cross-bill in question, and that the failure to give other or different notice presents a mere irregularity in nowise affecting the jurisdiction of the court. But the weakness of that argument is that it assumes the very proposition in dispute, viz., the jurisdiction over the parties adverse to Gray in the former suit for the purpose of any order, since it is only those parties who are brought within the jurisdiction of the district court by its process or otherwise who are required to take notice of its rules. Recurring to the question first suggested, it may be said that if the court by its summons in the former suit acquired jurisdiction of the defendant, for the purpose of the

several liens upon the mortgaged premises, it follows that notice of the cross-bill was not essential to a valid decree. This brings us to a consideration of the question on its merits.

A cross-bill is brought by a defendant in a suit against the plaintiff or defendant in the same suit, or against both touching the matters in question in the original bill (2 Daniell, Chancery Practice [4th ed.], 1548; Story, Equity Pleading, sec. 389; 1 Hoffman, Chancery Practice, 455), and is generally considered as a defense, or as a proceeding to procure a complete determination of a matter already in litigation. (2 Daniell, Chancery Practice [4th ed.], 1548.)    The appearance of parties adverse to the complainant in a cross-bill was enforced by subpœna in the same manner as in case of an original bill. (1 Smith, Chancery Practice, 461*.)    But a wide departure from that practice has been countenanced by the courts of this country, particularly in actions *in rem* where the defendants are by the original bill required to disclose their interests in the subject of the controversy.    For instance, in *Pattison v. Vaughan*, 40 Ind., 253, it is said : "We think that as to matters contained in the original complaint, if not in all cases, the defendants to the original complaint, when served with process thereon, as well as the plaintiff therein, must be regarded as in court for all the purposes of the action, whether the matter in controversy arise upon the original complaint or upon the answer or cross-complaint."    This language is quoted with approval by Judge Elliott in *Bevier v. Kahn*, 111 Ind., 200, in which it is held that notice is unnecessary when the original bill discloses the character of the claim of the cross-bill.    And in *Gregory v. Pike*, 29 Fed. Rep., 588, it is said that a cross-bill, being auxiliary to the original bill, service thereof may be had on the attorney of record, and it is no objection that the party himself is out of the jurisdiction of the court. (See, also, Work, Jurisdiction, sec. 44.)    The

26

conclusion we reach from an examination of these authorities, with others, is that notice of a cross-bill, under our system, particularly in an action of foreclosure, is a proceeding in the cause, designed to assist in the prosecution thereof, and, accordingly, interlocutory rather than jurisdictional in character. Such, too, is the logical effect of our decisions holding that defendants are required to take notice of cross-bills filed before answer day. Those decisions rest upon the assumed jurisdiction of the court to determine the equities of the defendants, not alone against the plaintiff, but also as between themselves. The doctrine that the court having once acquired jurisdiction may decide every question arising in the prosecution of the cause is the settled law of this state, and we can perceive no ground upon which to doubt its application to the case before us. We are aware that it was in *Arnold v. Badger Lumber Co., supra*, said, that a defendant who has made no appearance can be affected by a cross-bill filed after answer day only by service of notice "in the nature of a summons as to such pleading;" but the question there involved was, as we have seen, the regularity and not the validity of the decree. We find in the Code (sec. 574 *et seq.*) a general provision for notice of motions, which is required to be in writing and to state the names of the parties, to designate the court or judge to whom it will be addressed, and to be served in the manner prescribed for the service of summons. The office of the notice thus required is certainly "in the nature of a summons," since it is a process upon which the validity of the order depends. In that sense and no other did we use the expression above quoted in the case referred to.

The conclusion stated renders unnecessary an examination of the other questions presented by the record.

DECREE AFFIRMED.

IRVINE, C., not sitting.