BERNARD FOWLER ET AL. V. CHARLES T. BROWN ET AL.

FILED MAY 5, 1897. No. 7229.

1. Appearance: DISCLAIMER. A formal disclaimer, by one made a party defendant to a proceeding *in rem*, of any interest in the subject of the action is not a special appearance for the purpose of challenging the jurisdiction of the court over his person; but is, in substance, a defense requiring the judgment of the court, and amounts to a general appearance.

2. Disclaimer: COSTS. Section 618 of the Code, viz., "Where defendants disclaim having any title or interest in land or other property the subject-matter of the action, they shall recover costs, unless for special reasons the court decides otherwise," is declaratory merely of the rule in equity, since the discretion reserved to the court implies a determination from an inspection of the pleadings of defendant's right to be dismissed from the action.

3. Practice: NOTICE OF CROSS-BILL: ACTION IN REM. The service of a formal summons is not essential, in order to give the district court jurisdiction over a defendant in an action *in rem*, for the purpose of a cross-petition filed by a co-defendant after answer day. (*Patten v. Lane*, 45 Neb., 333.)

4. Equity: JURISDICTION. When a court of equity has acquired jurisdiction over a cause for any purpose, it may retain it for all purposes and proceed to a determination of all issues made by the pleadings.

5. **Summons:** SERVICE BY PUBLICATION. Service by publication, or in such manner as may be authorized by statute, is sufficient in proceedings substantially *in rem*, but where the purpose of the action is to determine the personal rights of the parties, and to enforce a mere personal obligation against the defendant, personal service within this state is essential to the jurisdiction of the court. (*Anheuser-Busch Brewing Ass'n v. Peterson*, 41 Neb., 897.)

ERROR from the district court of Lancaster county. Tried below before STRODE, J.   *Affirmed.*

*Hall & McCulloch*, for plaintiffs in error.

*Harl & McCabe, James McNeny*, and *John H. Ames, contra.*

POST, C. J.

The action out of which this proceeding arose was brought by Stephen Douglas Bayer in the district court for Lancaster county, to foreclose a mortgage executed by George K. Brown and wife in favor of J. R. and L. C. Richards, to secure certain notes of the said George K. Brown and his brother, Charles T. Brown, payable to the order of the mortgagees named. Among the several parties named as defendants to that action were the said George K. and Charles T. Brown, Benjamin B. Dow, and the plaintiffs in error, Bernard Fowler and the Fowler Elevator Company. Personal service was had upon the Browns and certain other defendants, but return "not found" was made as to the plaintiffs in error and Dow. The last named defendant, however, on the 24th day of February, 1893, and previous to the day named therefor in the summons, filed his answer admitting the existence of the Bayer mortgage and its lien in the order claimed, but denying knowledge of the ownership thereof or the amount due thereon, and asking that the plaintiff be put upon his proof in that regard. Accompanying his answer was a cross-petition for the foreclosure of a mortgage executed by the said George K. Brown and wife upon the premises described in petition to his co-defendant Charles T. Brown, to secure notes payable to the

latter in the aggregate sum of $15,000.   Said notes and mortgage were, according to the allegations of the answering defendant, sold and transferred before maturity, for value, to the plaintiffs in error, Bernard Fowler and the Fowler Elevator Company, from whom they were by said defendant purchased in the usual course of business, before maturity.   The prayer of the cross-petition was for an accounting of the amount due on said notes and mortgage, for a decree of foreclosure, and personal judgment for any deficiency remaining after exhausting the proceeds of the mortgaged property.   On the 1st day of April, 1893, the plaintiffs in error voluntarily appeared in said cause and filed a disclaimer in the following words:

"Come now the said Fowler Elevator Company and Bernard Fowler, defendants herein, and disclaim any and all right, title, claim, or demand in this action, or to the premises described in the petition filed in this action. Wherefore these defendants pray to be dismissed out of court at the cost of the plaintiff.

                                  "FOWLER ELEVATOR COMPANY,
                                    "Per C. H. FOWLER, *Treasurer*.
                                  "BERNARD FOWLER."

On May 25, 1893, George K. Brown, Charles T. Brown, and David W. Brown asked leave to answer within ten days, which request was by the court denied, whereupon the two former filed an answer instanter containing a general denial of the allegations of Dow's cross-petition. On October 3, 1893, David W. Brown and the firm of Charles T. Brown & Brothers asked to be made parties defendant, on the ground that they were necessary parties to the controversy, by reason of an interest therein adverse to Dow and the Fowlers, which motion was on October 13 sustained by the court.   On October 16 the several defendants, to-wit, George K. Brown, Charles T. Brown, David W. Brown, and the firm of Charles T. Brown & Bros., joined in an answer admitting the execution of the notes and mortgage described in Dow's cross-

petition, but denying the latter's ownership thereof, and alleging that said securities were the property of the Fowlers, the real parties in interest, and for whose benefit the said cross-petition was prosecuted. It was further alleged, also by way of a cross-petition, that the lots described in the said mortgage were, at the date of the execution of that instrument, owned by the firm of Charles T. Brown & Bros., which was composed of the said George K., Charles T., and David W. Brown, and that the notes executed by the said George K. Brown to his co-defendant Charles T. Brown were, at the time of the transfer thereof by the latter to the Fowlers, the property of said firm; that the Fowlers and the firm of Charles T. Brown & Bros. had, previous to the transaction last mentioned, been engaged together in the buying and selling of grain, and that the notes described in the cross-petition, together with other securities, property of the Browns, had during the course of such business been turned over to the Fowlers and by the latter converted to their own use. It was charged, also, that there was a large sum due Charles T. Brown & Bros. on account of such transaction, including the deals in grain and conversion of said securities. The prayer was for an accounting and judgment against the Fowlers and Dow for the amount found due said firm by reason of the several transactions alleged, and for a decree requiring the surrender by said parties, for cancellation, of the notes above mentioned, with other securities therein particularly described. On October 19 both Bernard Fowler and the Fowler Elevator Company were served with notice in writing of the filing of the last mentioned cross-petition, and that they were by order of court required to answer within ten days thereafter. Service of said notice, as shown by the return, duly verified, was made upon both of said parties by copy in the city of Chicago, and also by leaving a copy thereof at the office and last place of business of the Fowler Elevator Company, in Douglas county, in this state, there being no president, chairman

of board of directors of said corporation, or other managing officer or agent thereof found within said county. The district court, upon a final hearing of said cause, at the January, 1894, term, found in favor of the Browns as to each of the allegations of their cross-petition, and entered a decree substantially as prayed by them, to which, as appears from the record, "the defendants, Bernard Fowler and the Fowler Elevator Company, except and pray an appeal, which is hereby allowed and forty days given defendants from the rising of court to prepare their bill of exceptions, and the supersedeas bond herein is fixed in the sum of thirty thousand dollars ($30,000)." The Fowlers, on a subsequent day of the same term, filed separate motions for the vacation of said decree, alleging as a reason therefor that it was as to them without jurisdiction and void, which having been denied, an exception was taken and the cause removed into this court for review. Separate petitions in error have been filed herein by Bernard Fowler and the Fowler Elevator Company, but which are identical in substance and may, for convenience, be considered together.

Counsel are in practical accord upon the proposition that the decisive question in this record is the jurisdiction of the district court, and not the regularity of its proceedings anterior to the final decree. The first inquiry suggested by an examination of that subject relates to the effect upon the rights of the parties hereto of the disclaimer above mentioned. Plaintiffs in error, as they contend, did not, by reason of such disclaimer, waive process and thereby submit themselves to the jurisdiction of the court so as to authorize the awarding of judgment against them personally on the cause of action subsequently alleged in defendant in error's cross-petition. We understand their argument, so far as it relates to this branch of the case, to rest upon the assumption that their relation to the suit below as parties defendant ended with their disclaimer; but the force of that reasoning is weakened, if not destroyed, by the implied admission

Fowler v. Brown.

that the disclaimer was such an appearance as gave them a standing in court, and entitled them to judgment upon the pleadings then on file.  Granting, as claimed, that they were entitled to be dismissed from the suit below at the cost of the plaintiff or their co-defendants, the fact remains that the court declined to grant their prayer in that behalf, and the jurisdiction over them, for whatever purpose, acquired by means of their appearance continued throughout the controversy.  The case of *Little v. Giles*, 27 Neb., 179, cited by plaintiffs in error, is not in conflict with the views here expressed.  The doctrine of that case is the familiar one that a disclaimer, whether by a plaintiff or defendant, operates as an estoppel with respect to the right thereby renounced, and is not authority for the proposition that any judgment subsequently entered against the disclaiming party is void for want of jurisdiction.

On the part of defendants in error it is contended that the filing of the disclaimer amounted to a general appearance, by which plaintiffs in error submitted themselves to the jurisdiction of the court as effectually for all purposes, as if, instead of such disclaimer, they had answered admitting the allegations of the petition and cross-petition.  To that propositon we quite agree, since a disclaimer by a defendant of any interest in the subject of the action is not a special appearance for the purpose of challenging the jurisdiction of the court over his person.  It is in equity held to be a mode of defense requiring action by the court in order to determine whether the person disclaiming is a necessary or proper party defendant.  (*Isham v. Miller*, 44 N. J. Eq., 61; *Prescott v. Hutchinson*, 13 Mass., 441; Smith, Chancery Practice, 275; Maddock, Chancery Practice, 336*; Story, Equity Pleading [10th ed.], sec. 838; 6 Ency. Pl. & Pr., 721.)

In this connection our attention is directed to section 618 of the Code, as follows: "When defendants disclaim having any title or interest in land or other property, the subject-matter of the action, they shall recover their costs

unless for special reasons the court decides otherwise."
That provision, instead of abrogating the rule in equity,
is plainly declaratory thereof, as appears from the dis-
cretion reserved to the court, a discretion which plainly
implies a determination of the defendant's right from an
inspection of the pleadings. It has been settled by
numerous decisions in this state that an appearance is
special, provided the sole purpose thereof be to inquire
into the jurisdiction of the court, and that the invoking of
the power of the court for any other purpose is a general
appearance which will give jurisdiction over the person
of the defendant. (*South Omaha Nat. Bank v. Farmers &
Merchants Nat. Bank*, 45 Neb., 29, and cases cited.) But
a special appearance in this instance could not have been
within the contemplation of the plaintiffs in error, since
there was no service upon them and no process to which
their objection could have been directed. The disclaimer
was in the nature of a plea to the merits, as clearly so as
a plea of payment, since its purpose was to secure a de-
cree, or final order, adjudging plaintiffs in error not liable
to further orders in that suit. It is, however, contended
that, conceding the jurisdiction of the court for the pur-
pose of the causes of action alleged by Bayer, the plaintiff
below, and the cross-petitioner Dow, it was without au-
thority to render the personal judgment here complained
of on the cause of action alleged by defendants in error
subsequent to the filing of the disclaimer. In support of
that contention two propositions are asserted, viz.: (1.)
A cross-petition filed by one defendant against another
after answer day will be regarded as an original action,
for the purpose of which the court must acquire jurisdic-
tion of the party sought to be charged by means of a vol-
untary appearance or summons regularly issued and
served. (2.) Personal service of process in this state is
essential in every case to the jurisdiction of the court over
the defendant where the purpose of the action is to en-
force a mere personal obligation. Counsel, in support of
the proposition first above stated, cite *Arnold v. Badger*

*Lumber Co.*, 36 Neb., 841, in which it was said: "After answer day, if a defendant files a pleading in the nature of a cross-petition against his co-defendants who have no appearance, such co-defendants can only be thereby affected by their appearance,  *  *  *  or after service of a notice upon them in the nature of a summons as to such pleading." But we did not there hold a formal summons to be essential in such case to the jurisdiction over a defendant for the purpose of a cross-petition by a co-defendant. That case was, it will be observed, a direct attack upon the decree and involved not the jurisdiction of the court, but the regularity of its proceedings. And in *Pulten v. Lane*, 45 Neb., 333, it was held that notice of a cross-petition, under our system, is a proceeding in a cause designed to assist in the prosecution thereof, and accordingly interlocutory rather than jurisdictional in character. It was also held by analogy from the Code of Civil Procedure (sec. 574, *seq.*) that notice not under the seal of the court is a process "in the nature of a summons" in the sense in which the expression just quoted was used in the first mentioned case.

We may with profit in this connection again refer to some of the facts which appear by direct allegations or plain implication from the pleadings. At the time plaintiffs in error entered their voluntary appearance and thus submitted themselves to the jurisdiction of the court, Dow's cross-petition was on file, praying the foreclosure of a mortgage upon the property described in the petition, of which defendants in error, as members of the firm of Charles T. Brown & Bros., claimed to be the equitable owners, that said mortgage had, as claimed by the latter, been previously paid and satisfied in full through transactions by means of which plaintiff in error became largely indebted to them; but that notwithstanding such fact, plaintiffs in error, as the real parties to said cross-petition, were, through fraud and collusion with Dow, seeking to enforce said mortgage in his name. It further appears that when defendants in error, by leave first obtained,

filed their answer and cross-petition, praying, among other things, for an accounting of the transactions alleged as a defense to said mortgage, and of which, as we have seen, plaintiffs in error were in due form notified, the latter were still in court, no action having been taken upon their demand to be dismissed as parties defendant. The subject of defendant in error's cross-petition is undoubtedly one of equitable cognizance; and that the district court, by reason of the facts stated, acquired jurisdiction over defendants in error for the purpose of such cause of action, is a proposition equally clear. Such, indeed, is the doctrine implied from the several decisions of this court, beginning *Hapgood v. Ellis*, 11 Neb., 131, and which are cited in *Patten v. Lane, supra.*

To the second contention of plaintiffs in error, viz., that personal service within this state is essential to the jurisdicton in every action, to enforce the mere personal obligation of the defendant, it may be answered that the rule asserted can, upon the facts disclosed, have no application to the case at bar. The purpose of the cross-petition was not alone to recover the amount due from plaintiffs in error by reason of the cause of action therein stated, but also to secure an accounting of the transactions resulting, as claimed, in the satisfaction of the mortgage, which, so far as concerns the parties to this proceeding, was the primary subject of controversy. Jurisdiction for such purpose having been acquired by the district court, the cause was properly retained for a determination therein of all issues made by the pleadings. *Swift v. Dewey*, 20 Neb., 107; *Buchanan v. Griggs*, 20 Neb., 165; *Disher v. Disher*, 45 Neb., 100; *Hurlburt v. Palmer*, 39 Neb., 158, and *Anheuser-Busch Brewing Ass'n v. Peterson*, 41 Neb., 897, cited by plaintiffs in error, are not in point, since those cases were actions at law for the recovery of damage, and in neither was there involved any subject of equitable jurisdiction. The sound rule is believed to be that stated in the syllabus of the last mentioned case, viz., "Service by publication, or in such other manner as may

be authorized by statute, is sufficient in proceedings substantially *in rem,* but when the purpose of the action is to determine the personal rights of the parties, and to enforce a personal obligation against the defendant, personal service within this state is essential in order to confer jurisdiction upon the court."

We are satisfied from a consideration of the whole record that the judgment of the district court is right and should be

AFFIRMED.