Oakley, J.
This was an action of assumpsit for money had and received. The defendant was treasurer of the church, and as such received the proceeds of certain lands which belonged to the church, and which were sold during the time he acted as treasurer. In 1827, a new treasurer was appointed, and the defendant refused to pay over to him the balance of moneys remaining in his hands. This action was brought to recover such balance.
The first objection to the plaintiffs’ right of recovery is, that the certificate of their incorporation is defective, and that they do not show themselves to have been duly created a body corporate, and entitled to sue as such.
By the act authorizing the incorporation of protestant episcopal churches [2 R. L. 112.] it is provided, that at the first election of a vestry, the rector, or if there be none, or he be necessarily absent, one of the wardens or other person shall preside, and shall unite in the certificate to be filed under the act. By the certificate produced by the plaintiffs it appears, that the rector did not preside at the first election; nor did it appear by the certificate or by any other evidence, that he was necessarily absent. The defendant contends, that the requisitions of the act were not complied with, and that the plaintiffs never became a corporate body.
The certificate of incorporation is dated on the 27th of May, 1824. From that period to the present, the whole case shows that there has been a body corporate, defacto at least, claiming to be a church, and holding and enjoying property as such. After such a lapse of time I am of opinion that it ought to be presumed, that every formal requisite to the due creation of the corporation was complied with. The presence or absence of the rector at the first election of a vestry was a very immaterial cir *198 cumstance ; and as the law does not prescribe, that the fact of his absence shall be stated in the certificate, it will be intended if necessary to give validity to the incorporation. -
I am of opinion, also, that the defendant cannot be permitted to allege that the original incorporation of the church was invalid, or irregular. In the case of the Dutchess Cotton Manufactury v. Davis, [14 Johns. 238.] the Supreme Court held, ’ that where the defendant undertakes to enter into a contract with the plaintiff in their corporate name, he thereby admits them to be duly constituted a body politic and corporate under such name. In the present case the defendant accepted from the plaintiffs, acting as a corporation, the appointmentof treasurer; hé acted several years under such appointment, and obtained possession of the money of the plaintiffs, now in his hands, by virtue of the official station he held under them. It would be a volation of all common sense and justice to permit him now to set up, that no corporation ever existed. I consider the defendant as coming fairly within the principle laid down by the Supreme Court in the above-mentioned case. He has, in the most formal manner, recognized and admitted the existence of the body corporate, and must now be concluded by such admission.
II. The defendant contended, that the defence set up by him at the time was improperly excluded. He offered to prove, in substance, that the church in question was originally established as a free church: that the rector by various fraudulent a.rd illegal claims defeated that object, and particularly, that the election of the vestry in 1827, (by which he was removed from the office of treasurer, and a new one appointed,) was illegal and fraudulent. The judge held this defence to be inadmissible.
In the case of the Trustees of Vernon Society v. Hills [ 6 Cowen’s R. 23.] the Supreme Court have expressly decided, that when the -plaintiffs have acted as trustees of a religious incorporation, and have brought a suit colore officii, the defendant cannot sustain an objection to their right of recovery, on the ground that they are not trustees, without showing, that proceedings have been instituted against them by the goverment, and carried on to -a judgment of ouster. The doctrine of the case is, *199 that being- trustees de facto, all their proceedings are valid, till they are ousted by a judgment at the suit of the people, and that no advantage can be taken of any non-user or mis-user on the part of the corporation by any defendant, in any collateral" action.
la the present instance it appears, from the proof in the case, and from that offered by the defendant that the vestry chosen in 1827 became trustees of the church “ de facto That they acted as such: that they removed the defendant from his office as treasurer, and appointed a successor, and that they took possession of the temporalities of the church claiming to be the corporation. This suit, then, is clearly brought by them colore officii, and the character in which they sue cannot be questioned bn the ground of any illegality in their election. The case in the 6th of Cowen’s R. seems to be conclusive on the subject.
It was a part of the defence offered, that several of the vestry elected in 1827, refused to accept their appointment. This offer was clearly not broad enough, if under many circumstances the, refusal by those elected to act, could have been taken advantage of by the defendant. It is clear, that nothing short of the refusal of a majority to take upon themselves the character of trustees could, in any event, have affected the right of those newly elected to represent the corporate bodjr.
I am, on the whole, clearly of opinion, that the defence offered was rightly rejected, and that the motion for a new trial must be denied.

Motion to set aside the non-suit denied.

[B. Robinson, atty. for the plff. J. J. Roosevelt, atty. for the deft.]