THE STATE OF NEBRASKA, EX REL. C. J. DILWORTH, ATTORNEY GENERAL, PLAINTIFF, v. THE COUNCIL BLUFFS AND NEBRASKA FERRY COMPANY ET AL., DEFENDANTS.

Corporation: FORFEITURE OF FRANCHISE. Repeated and wilful acts of misuser or nonuser by a corporation which are of the essence of the contract between it and the state, constitute a just ground of forfeiture of the franchise.

ORIGINAL information in the nature of *quo warranto.*

*George W. Doane,* for plaintiff.

*George E. Pritchett,* for defendant.

BY THE COURT.

This is an information filed on behalf of the state to have the corporate rights, privileges, and franchises of the defendant declared forfeited for non-user. It is alleged in the information that on the 16th day of January, 1855, an act was passed by the territorial legislature "to incorporate the Council Bluffs and Nebraska Ferry Company," which act was approved February 21, 1855. That "by the third section of said act the corporate business of said corporation should be managed by a board of directors of not less than five nor more than seven, who should be stockholders, and from their number they should choose a president

and treasurer who should hold their office for one year and until their successors should be chosen. That by the fourth section of said act exclusive power was conferred upon said corporation to keep a ferry and build a toll bridge across the Missouri river at a point known as the Lone Tree Ferry, opposite the city of Omaha, the then place of crossing, or at any other practicable point on said river midway between the grade at or near the said Lone Tree Ferry landing in Iowa, and the ferry landing of Florence, and midway between said grade and the ferry landing at Bellevue. That by the fifth section of said act it was made the duty of said company to procure and keep a suitable boat or boats, or erect and keep in repair a substantial bridge for the safe and speedy transportation of persons and property over said river at all reasonable and suitable times. That said act was duly published among the laws of the first session of said legislative assembly on page 448, to which reference is made. That in pursuance of said act, the said company, soon after the passage thereof, organized by the election of officers, and for a time performed the duty required of it by said fifth section by procuring and keeping a suitable boat for the transportation of persons and property over said river. That since the first day of March, 1877, the said company has utterly and wilfully failed and neglected to perform its duty in that behalf, and has not during all that time kept a suitable or any boat, nor erected nor kept in repair a substantial, nor any bridge for the transportation of persons and property over said river at all reasonable and suitable times, or for any other purpose, whereby the rights, privileges, and franchises of said company have become and are subject to be forfeited. That during all said time, until within a few months past, the said officers, provided by section three of said act, were not elected by the stock-

holders of said company, and no president and treas-
urer, or either of them, was chosen by the board of
directors as required by said section three, but relator
is informed that the said William W. Marsh now claims
to have been duly chosen as president, and the said
Frank Murphy as treasurer of said corporation, and
they have for the space of five days and more last past
assumed to act as such officers, notwithstanding the
forfeiture of the rights and franchises of the said cor-
poration as aforesaid."

The defendant moved to quash the information
upon the ground that it was not filed by the proper
officers. The motion was overruled and leave given
to answer. No answer being filed, the state asks for
a judgment by default.

As the defendant has failed to answer, the facts sta-
ted in the information are thereby admitted to be true.
It is a tacit condition of a grant of incorporation, that
the grantees shall act up to the end or design for
which they were incorporated. Therefore if it neg-
lect or abuse its franchises it may forfeit them as for
condition broken. It may be stated as a general
principle that when there has been a misuser or non-
user in regard to matters which are of the essence of
the contract between the corporation and the state,
and the acts or omissions complained of have been
repeated and wilful, they constitute a just ground of
forfeiture. *Commonwealth v. Com. Bank*, 28 Penn. St.,
389. *State v. New Orleans Gas L. Co.*, 2 Rob. La., 529,
*Day v. Stetson*, 8 Greene, 372. *John v. Farmers' Bank*,
2 Blackf., 367. *All Saints Church v. Lovett*, 1 Hall.,
198. *Hodsdon v. Copeland*, 16 Me., 314. *Penobscot
Boom Co. v. Lamson*, 16 Id., 224. *Dartmouth College v.
Woodward*, 4 Wheat., 658. 1 Black. Com., 485. 2
Kent Com., 312. *Rex v. Saunders*, 3 East., 119. *Rex
v. Pasmore*, 3 Term., 246. *Eastern Archipelago Co. v.*

*Reginam,* 2 E. &. B., 857.   As the defendant has wilfully neglected to use its franchise for a long period of time, and no excuse is offered for such neglect, it has therefore forfeited all its corporate rights and privileges.   A judgment will be entered declaring such corporate rights and franchises forfeited.

JUDGMENT ACCORDINGLY.