EDWARD MCBRIEN ET AL. V. BEN RILEY ET AL.

FILED JANUARY 2, 1894.    No. 5455.

1. A district court is without power to vacate or mod-
ify its own judgments subsequent to the term at which
they are entered, except for the grounds enumerated in section
602 of the Code.

2. Where an appeal is taken to the district court from a
judgment of a justice of the peace, the appellant is not required
to give notice of the appeal to his adversary.

3. When a defendant moves to vacate a judgment ren-
dered against him by default, he must accompany his application
with an answer setting up a meritorious defense to the action.

ERROR from the district court of Douglas county.    Tried
below before FERGUSON, J.

The opinion contains a statement of facts.

40

*Switzler & McIntosh,* for plaintiffs in error :

Judgments regularly entered become final at the end of the term. The court thereafter has no power to vacate the same except upon the grounds enumerated in section 602 of the Code. (Freeman, Judgments [3d ed.], sec. 96; *Carlow v. Aultman,* 28 Neb., 672.)

Upon appeal from a justice court the appellant is not obliged to notify the appellee. (*Rich v. Stretch,* 4 Neb., 186.)

In vacating the judgment entered by default it was necessary for the defendants at the time of their application to present an answer showing a good defense to the action. (*Spencer v. Thistle,* 13 Neb., 227; *Fritz v. Grosnicklaus,* 20 Neb., 413; *Mulhollan v. Scoggin,* 8 Neb., 202; *Hale v. Bender,* 13 Neb., 66.)

The defendants, in their application to have the judgment set aside, made no showing of diligence on their part, and assigned no good reason why they did not plead to the plaintiffs' petition within the time prescribed by statute. Without a satisfactory showing in this behalf, it was error for the court to vacate said judgment. (*Dixon County v. Gantt,* 30 Neb., 885; *Burke v. Pepper,* 29 Neb., 320; *Mulhollan v. Scoggin,* 8 Neb., 202.)

*Mahoney, Minahan & Smyth, contra.*

NORVAL, J.

This is a proceeding in error to review an order made by the court below vacating and setting aside a judgment by default rendered against defendants in error. The action originated before a justice of the peace. From a judgment in favor of defendants plaintiffs appealed to the district court, filing their petition therein on the 8th day of August, 1890. Afterwards, at the September, 1890, term of said court, to-wit, on the 27th day of December, no answer

having been filed, a judgment by default was rendered against defendants for the sum of $209.20. Subsequently, at the May, 1891, term of said court, and on the 15th day of July, defendants filed a motion to vacate the judgment, alleging the following grounds:

1. Irregularity in obtaining the judgment.

2. That said defendants never had any notice of the application of plaintiffs for a default and judgment in said cause.

3. That plaintiffs (*sic*) have a good defense to the amount of said action.

The motion was supported by the affidavit of the defendant, which stated, in substance, that prior to July 11, 1891, neither of the defendants had any notice said cause had been appealed, or that any proceedings would be, or had been, taken in the district court in said action; that defendants have a good defense to the suit; that John Riley never had any dealings or transactions with plaintiffs; and that Ben Riley is indebted to plaintiffs upon their first cause of action, but denies any liability upon the second cause of action set out in the petition. On the 22d day of July, 1891, the court sustained the motion, vacated the judgment, and gave defendants ten days in which to answer, to which order and ruling plaintiffs took an exception.

It will be noticed that the order vacating the judgment, of which complaint is now made, was entered at a term subsequent to the one at which the judgment was pronounced. This court held in *Carlow v. Aultman*, 28 Neb., 672, that a district court has no power to vacate or modify its own judgments after the term at which they are entered, except for the grounds mentioned in section 602 of the Code; and there can be no doubt of the soundness of the rule there announced. The third ground for setting aside a judgment after the term, enumerated in said section, is "mistake, neglect, or omission of the clerk, or irregularity in

obtaining a judgment." It is obvious that defendants were not entitled to relief under said section. No mistake, neglect, or omission of the clerk of the district court is alleged. There was no irregularity in procuring the judgment. True, the defendants were not notified that plaintiffs had taken an appeal from the judgment of the justice to the district court. The statute does not require that an appellant shall give notice of appeal to his adversary. None was therefore required to confer jurisdiction upon the appellate court. (*State Bank of Nebraska v. Green,* 8 Neb., 297; *Schuyler v. Hanna,* 28 Neb., 601.) There is no statutory provision requiring a plaintiff to give notice of an application for a default and judgment. The defendants were bound to take notice of all proceedings in the case after the appeal was docketed in the district court. Default was not entered until long after the statutory time for filing an answer had elapsed. Defendants being in default of an answer, judgment was properly rendered against them. Again, the defendants failed to accompany their motion to vacate the judgment with an answer. This was necessary. (*Spencer v. Thistle,* 13 Neb., 227.) The order of the district court is

REVERSED.