44   355
f54  186

44   355
58   477

F. W. Barnes v. D. A. Hale.

Filed April 3, 1895.   No. 5167.

Judgments: Modification After Term.  The power of a dis-
trict court to vacate or modify its own judgments after the term
at which they were rendered is limited to the grounds for grant-
ing such relief enumerated in section 602 of the Code of Civil
Procedure.

Error from the district court of Madison county.  Tried
below before Powers, J.

*W. M. Robertson* and *S. O. Campbell*, for plaintiff in
error.

*Allen, Robinson & Reed, contra.*

Harrison, J.

D. A. Hale commenced an action in the district court of
Madison county, the object being to obtain the relief stated
in the prayer of the petition, which was as follows: "Where-
fore your petitioner prays that this court enter a judgment
and decree in this case reforming the deed of conveyance
of said real estate from the defendant to the plaintiff, by
making it embrace said entire block of land, or so much
thereof as the defendant is in a situation to convey in ac-
cordance with the contract of the parties, the plaintiff
hereby expressing a willingness to accept whatever title de-
fendant had in the said land at the commencement of this
suit.  That if the defendant fails to comply with the decree
within thirty days from its date, the clerk of this court be
appointed a commissioner, with full power to make, exe-
cute and record said conveyance in the name and on behalf
of the defendant, and he be directed to so convey said block
to the plaintiff; that if the court shall find on the trial of

Barnes v. Hale.

this case that for any reason a conveyance should not be desired as herein prayed, that then a decree and judgment be entered in the case setting aside said contract entirely and awarding a judgment against the defendant and in favor of the plaintiff for the sum of $250, with interest thereon from July 31, 1886, and that the plaintiff have such other and further relief in this cause as may be just and equitable, together with costs of suit." The cause was tried and submitted to the court and a decree rendered in words and figures as follows:

"On November 23, 1888, it being the adjourned term of the regular October, 1888, term of this court, this cause came on to be heard upon the petition, answer, and evidence in the case and was submitted to the court, who took the case under advisement, on consideration whereof the court did, on the 17th day of May, 1889, it being the adjourned regular April, 1889, term of the district court in Madison county, Nebraska, find for the defendant, denying the plaintiff's claim for reformation of the deed, and denying the plaintiff's claim for specific performance of the contract set forth in plaintiff's petition.

"The court further finds that the plaintiff is entitled to a rescission of the said contract, upon his conveying to the defendant within thirty days from May 17, 1889, the south half of said block 59, in the Railroad Addition to the town of Madison, in Madison county, Nebraska, by deed of general warranty, a good and sufficient title free from any incumbrance; and if the plaintiff shall convey said premises, he shall have judgment against the defendant for the sum of $250, and that the plaintiff pay all the costs of this action to the time of trial, and the defendant the balance.

"It is therefore considered, adjudged, and decreed by the court that the plaintiff is not entitled to a specific performance of the contract set out in the petition, but that if the plaintiff convey to the defendant within thirty days from this date the south half of block 59, in Railroad Addition

to the town of Madison, in Madison county, Nebraska, by good and sufficient deed with covenants of general warranty and free from all incumbrances, he may have judgment against the defendant for the purchase price thereof, $250. Plaintiff to pay all costs made up to the time of going to trial, and defendant to pay the remaining costs."

On April 14, 1890, there was filed for D. A. Hale the following motion:

"The plaintiff herein moves the court to correct the judgment in this case as follows:

"1. By permitting the deeds filed in this court, respectively, June 7, 1889, and August 21, 1889, to stand as a compliance with the decree of this court.

"2. By entering an absolute money judgment against the defendant, and directing the clerk of this court to issue an execution against the defendant thereon.

"3. By retaxing and readjusting the costs of the case in compliance with the judgment of the court."

This was accompanied by some affidavits in relation to matters of fact pertaining to the grounds of the motion. F. W. Barnes, defendant in that court and plaintiff in error in this, appeared by counsel and resisted the motion, interposing objections to its allowance as follows:

"Now comes the defendant and objects to the court making the order, judgment, and decree asked for by plaintiff in his motion filed in this case, April 14, 1890.

"1. Because the deeds made and delivered by the plaintiff and his wife to the clerk June 7, 1889, and August 21, 1889, and which the clerk filed with the papers in this case, is not a compliance with the order and decree of this court.

"2. Because this being an action in equity, this court cannot enter an absolute money judgment.

"3. Because the plaintiff has failed, neglected, and refused to comply with the order and decree of the court in this action in many particulars; that the plaintiff failed, re-

fused, and neglected to deed the premises in controversy to the defendant within the time required by the order of the court, and he failed to deed it to the defendant with as good and sufficient title as he received from the defendant; that at the time the plaintiff and his wife made the deed aforesaid there were several unsatisfied judgments against the plaintiff on record, and the same are still unsatisfied; that the taxes for the years 1888 and 1889 on said premises were unpaid and a lien on said premises; that there were no judgments, liens, or tax liens against said premises when they were deeded to the plaintiff by the defendant.

"3. Because this court has no authority to change or modify its decree, as requested by the plaintiff, upon motion.

"4. Because the costs have been taxed in this case in accordance with the decree of the court.

"5. Because it would work a great hardship to the defendant to now have to take said premises, as he has changed his residence and now resides in the state of California, and had the plaintiff desired the defendant to have had the property, and had complied with the terms and conditions of the decree of the court in this case, this defendant could have disposed of said premises while residing in Madison, Nebraska.

"And in support of this objection the defendant offers the affidavit and abstract hereto attached and made a part hereof, also the papers and judgment entries made in the case."

The paper upon which was set forth the above list of objections was, it appears, filed February 18, 1891, and the court, after hearing on the motion, made an entry as follows:

"And now on this 25th day of February, 1891, it still being a day of the regular February, 1891, term of this court, this cause came on for hearing upon the motion of plaintiff for an order requiring the clerk of this court to issue an execution against the defendant to recover the sum

of $250, with interest thereon at seven per cent from August 20, 1889, and was submitted to the court, on consideration whereof said motion is sustained.

"It is therefore considered by the court that the plaintiff recover from the defendant the sum of two hundred and fifty dollars ($250), with interest at seven per cent thereon from August 20, 1889, to this date (February 25, 1891), amounting to the further sum of twenty-six and $\frac{49}{100}$ dollars ($26.49), amounting in the aggregate to two hundred and seventy six and $\frac{49}{100}$ ($276.49); and that the clerk of this court is hereby commanded to issue an execution carrying into effect this judgment, a sufficient amount of the proceeds thereof to be retained by the clerk and applied in satisfaction of the tax liens upon the property in controversy in Madison county, Nebraska, accruing while title thereto was in the plaintiff; to which judgment and ruling of the court the defendant excepted, and forty days allowed in which to prepare and present to the adverse party or his attorneys his bill of exceptions. Supersedeas bond fixed at $525."

An examination of the record and affidavits filed in support of and against the granting of the motion discloses that after the original decree rendered by the court May 17, 1889, there was filed on June 7, 1889, by D. A. Hale with the clerk of the district court a deed which was intended to convey to plaintiff in error "the south half of lot numbered fifty-nine (59) of Railroad Addition to the town of Madison," and that on August 21, 1889, there was filed with the clerk another deed which was intended to convey to him, as it states, "the south half of block number fifty-nine (59) of Railroad Addition to the town of Madison," and which also contained this further statement: "This deed is given as a deed of correction of a deed made by D. A. Hale and Amelia Hale, his wife, to F. W. Barnes, dated on the 4th day of June, 1889, which last named deed was filed with the clerk of district court

of Madison county, Nebraska, on the 7th day of June, 1889." It further appears that there were unpaid taxes and some judgments of record against defendant in error unsatisfied.

It is quite clear that the court in its original decree in this case did not render a personal judgment against the plaintiff in error and that the motion filed by defendant in error and acted upon by the court was an attempt in the nature of a supplemental proceeding to obtain such a judgment and not by reason of compliance by defendant in error with the decree of the court, for he had not delivered to plaintiff in error a warranty deed within thirty days of the entry of the decree, of the property described in the petition, the subject of litigation, and free from all incumbrances, but by virtue of occurrences stated in the motion which had wholly arisen subsequent to the rendition of the judgment and some of which had their origin in the failure or neglect of the defendant in error to perform the acts required of him by the judgment in the manner therein prescribed. The issues in the case had been tried and determined by the court and its judgment thereon pronounced, and the decree rendered must be viewed as an adjudication upon the matters in litigation and, as such, not be set aside by this motion and questions which originated since the decree was rendered, made the subject of litigation and adjudication in the action. It was not proper to do this upon motion. (*Kenyon v. Baker*, 47 N. W. Rep., [Ia.], 977; *Woffenden v. Woffenden*, 25 Pac. Rep. [Ariz.], 666; Freeman, Judgments, sec. 100.) The motion of defendant in error was filed after the close of the term, during which the case was tried and judgment rendered, and there was no allegation in the motion of either of the grounds mentioned in section 602 of the Code of Civil Procedure. It is well settled that a district court has no power to vacate or modify its own judgments after the term at which they were rendered, except for at least one of the grounds enumerated in

such section of the Code. (*Carlow v. Aultman*, 28 Neb., 672; *McBrien v. Riley*, 38 Neb., 561.) The portion of the motion which referred to the costs and asked for retaxation of them does not seem to have been considered by the district court, or if it was, no disposition of it was made, or at least none is shown in the record; hence there is nothing in this point of the motion presented for examination at this time. The action of the court and entry made on the hearing of the motion of defendant in error is reversed and the cause remanded.

REVERSED AND REMANDED.