HAMPTON LUMBER COMPANY, APPELLEE, v. H. J. VAN
NESS, ET AL., APPELLANTS.

FILED MARCH 17, 1898.   No. 7935.

1. **Review: FORECLOSURE OF MORTGAGE: COMPUTATION.** Questions of
computation or elements of findings of fact or law on which a
decree of foreclosure of a real estate mortgage, a mechanic's lien,
or a contract of sale of real estate is based, properly presentable
in an appeal from the decree, will not be examined in an appeal
from the order confirming a sale, under the decree, of the property
involved.

2. **Vacating Judgment.** The power of a district court to vacate or
modify its own judgments or final orders after the term at which
they were rendered or made is limited to the grounds enumerated
in section 602 of the Code of Civil Procedure. *Barnes v. Hale*, 44
Neb. 355, followed.

APPEAL from the district court of Douglas county.
Heard below before FERGUSON, J.   *Affirmed.*

*Parke Godwin*, for appellants.

*D. L. Johnson, E. G. McGillon, L. D. Holmes*, and *James
B. Meikle*, contra.

HARRISON, C. J.

In the case at bar in the district court of Douglas
county, after default of the appellants, in the due course
of the proceedings, a decree was rendered on June 9, 1894,
and as of the May, A. D. 1894, term of the court, by which
there was effected the foreclosure of a real estate mort-
gage, a mechanic's lien, and a contract of sale of real
estate, and a sale thereunder was made of the property
involved.   On motion during a succeeding term of the
court to confirm the sale and order to show cause against
such confirmation appellants appeared and filed objec-
tions to the confirmation.   This was of date December 15,
1894.   On January 5, 1895, there was filed for appellants
a "motion to modify and correct the decree rendered,"

and on the same day there was filed an amended motion to "set aside the sale." During the February, 1895, term of court, and on the 15th day of the month just stated, the motions were overruled. From the order then made this appeal has been perfected.

The brief presented for appellants contains an opening statement, which we quote: "If the court please the errors complained of are as follows:" Then appears verbatim copies of the seven paragraphs of the appellant's motion in the district court to "correct and modify the decree," without further statement or argument. These all refer to computations or other elements of the findings on which the decree was predicated, and might, if the positions and conditions are as asserted, be of force in an appeal from the decree, but cannot be viewed as of objections to the confirmation of the sale, as they could have no possible place in the examination and consideration by the court to ascertain whether the sale was regular and made in all respects according to law; and they were equally unavailing in an effort to secure the correction or modification of the decree, as the motion in which they were embodied was filed and presented at a time subsequent to the close of the term of court at which the decree was rendered, and the motion presented none of the grounds enumerated in section 602 of the Code of Civil Procedure, and the power of a district court to vacate or modify its judgment or orders after the term at which made is limited to the reasons for such action stated in the said section. (*Barnes v. Hale*, 44 Neb. 355.) The order of the district court is

AFFIRMED.