JACOB DILLON, APPELLEE, V. CHICAGO, KANSAS & NE-
BRASKA RAILROAD COMPANY, APPELLANT.

FILED APRIL 19, 1899.  No. 8857.

1. **Res Judicata.**  A judgment rendered by a court having jurisdiction
of the parties and of the subject-matter, as between such par-
ties, conclusively settles all questions litigated, unless subse-
quently reversed or modified in the manner provided by law.

2. **Modification of Judgments.**  The jurisdiction of a district court to

modify its judgments after the term is limited to the grounds enumerated in section 602 of the Code of Civil Procedure.

3. ———: ERRORS OF LAW. A district court has no power to vacate or modify its judgment after the term, on the ground that error of law had been committed by it in rendering such judgment.

4. ———: EXPIRATION OF LIEN. A judgment becomes dormant on which no execution has been issued and levied before the expiration of five years next after its rendition.

5. Eminent Domain: JUDGMENT FOR DAMAGES: INJUNCTION TO PREVENT OPERATION OF RAILROAD. A railroad company condemned real estate for right of way, and the landowner appealed from the award to the district court, where judgment was rendered against the company, which it paid in full and the judgment was satisfied. Two years after, and at a subsequent term of the district court, on application of the landowner, the judgment was modified for error of law committed by the court on rendering its original judgment. The railroad company, after condemnation proceedings, took possession of the right of way, constructed its road, and operated the same for several years without objection of the landowner. The modified judgment became dormant, and, without its having been revived, the landowner sought to enjoin the operation of the railroad until the company should pay said modified judgment. *Held,* Injunction would not lie.

APPEAL from the district court of Nuckolls county. Heard below before HASTINGS, J. *Reversed.*

*M. A. Low, W. F. Evans, J. E. Dolman, S. A. Searle, L. W. Billingsley,* and *R. J. Greene,* for appellant.

*H. D. Short* and *R. D. Sutherland, contra.*

NORVAL, J.

This suit was brought in the court below on April 20, 1895, by Jacob Dillon to enjoin the defendant from operating its railway over and across the northwest quarter of section 16, township 2 north, of range 5 west, in Nuckolls county. A peremptory injunction was allowed on the final hearing as prayed, unless the defendant should, within a short time fixed by the court, pay to the plaintiff the amount of a certain judgment or final order, which

he had obtained in the same court against the defendant on May 9, 1889, for $103.17, with seven per cent interest thereon from said date. This appeal is by the railroad company.

In October, 1886, plaintiff held, under a contract of purchase made by him with the state, the real estate already mentioned, and during said month defendant condemned for right of way purposes a portion of said tract and other lands belonging to Dillon. The amount of the award of the commissioners was deposited by the defendant with the county judge, and Dillon appealed from the award to the district court, where on a trial to a jury at the May, 1887, term of the court the following verdict was returned:

"We, the jury, duly impaneled and sworn in the above cause, do find on the issues joined for the plaintiff, and do assess his damages as follows: For 14.11 acres of land actually taken for railroad right of way in S. ½ of sec. 8, T. 2, range 5 west, 6th P. M., $254. For damages to the balance of tract by reason of location of such railroad, $450. We find the value of the 3.62 acres actually taken by the railroad for right of way in the N. W. ¼ of sec. 16, T. 2, R. 5, $90.50; and we find the damages to the balance of such tract by reason of the location of said railroad, $120. We find generally for the plaintiff, and so assess his damages at the sum of $914.50, if the court shall determine that the law allows the plaintiff to recover for the 3.62 acres on the N. W. ¼ of sec. 16, T. 2, R. 5; but if the court shall determine that the law will not allow the plaintiff to recover for the 3.62 acres aforesaid, then we find and assess the damages at the sum of $824.

"WM. C. OVILMAN, *Foreman*."

A motion for a new trial was filed in said cause by Dillon, which was overruled, and the following judgment was rendered on said verdict: "It is thereupon, on this 5th day of May, 1887, considered and adjudged by the court that the court finds as a matter of law that as to

the three and sixty-two hundredths acres, section 16, township 2, range 5, being school lands, plaintiff is not entitled in this action to recover for the value of such land, being the same actually taken by the railroad. It is thereupon considered and adjudged by the court that the plaintiff have and recover of the defendants the sum of $824, and his costs, taxed at $———." Subsequently the railroad company paid and satisfied the judgment in full, and Dillon, on August 29, 1887, received the money and receipted therefor to the clerk of the district court, and satisfied the judgment of record. On October 2, 1888, Dillon filed in said cause a motion for a modification or completion of the said judgment, by the rendition of a judgment on the verdict of the jury for said sum of $90.50 and interest, the amount found by them to be the value of the land taken by the railroad company for the right of way in said northwest quarter of section 16, and notice was served on the railroad company that said motion would be for hearing at the October, 1888, term of the district court of Nuckolls county. Without any other or further notice the motion was sustained on May 9, 1889, and a judgment was rendered in favor of Dillon and against the railroad company for $90.50, with the further sum of $12.67, interest on said amount from May 9, 1887, making in the aggregate $103.17. The judgment also contained the provisions following: "It is further ordered that said sum of $103.17 shall be paid to the county treasurer of Nuckolls county, and by said county treasurer applied, as required by law, on contract of purchase of said Jacob Dillon, plaintiff, of said northwest quarter of section 16, aforementioned and described. Whereupon, by filing with the commissioners of public lands and buildings, as required by law, a plat of said land and designating and describing the same, said defendant company shall receive a deed of conveyance of title of said three and sixty-two hundredth acres right of way in said tract heretofore set forth and described in this cause." This last mentioned judgment has never been paid. On

January 9, 1891, the state conveyed the said northwest quarter of section 16 to Dillon, who, more than four years thereafter, brought this suit to enjoin the defendant herein from operating its railroad over the right of way condemned across said quarter section. As already stated, on May 5, 1887, the district court of Nuckolls county, on the trial of Dillon's appeal from the award of the commissioners appointed by the county court, specifically found that Dillon was not entitled to recover in that action for the value of the 3.62 acres of land which had been appropriated by the railroad company by reason of the construction of its line of road across said section 16, and judgment was rendered in favor of Dillon for the value of his other lands taken by the railroad company for the right of way. This was an adjudication against Dillon as to the value of the 3.62 acres, from which he never appealed, but accepted payment of the amount of the judgment in his favor for the value of the other lands. The court of Nuckolls county had jurisdiction of the parties and subject-matter involved in the condemnation proceedings, and its judgment conclusively settled all questions litigated therein, and is a complete bar to a recovery for the value of said 3.62 acres of land, unless the judgment has been subsequently legally vacated or modified. (*Hapgood v. Ellis*, 11 Neb. 131; *Keeler v. Elston*, 22 Neb. 310; *Gapen v. Bretternitz*, 31 Neb. 302; *Spear v. Tidball*, 40 Neb. 107; *Chase v. Miles*, 43 Neb. 686.)

The next subject for investigation is whether the judgment of May 5, 1887, has been legally modified or changed. It will be observed that the district court, more than two years after the entry of the judgment, pretended to modify the same by rendering a judgment against the defendant for the value of the same 3.62 acres of land already mentioned, which in the judgment of May 5 it had been determined there was no liability to Dillon by the railroad company. This action of the district court was taken and had on motion of Dillon filed after the term and nearly eighteen months subsequent to the

rendition of the original judgment, on the ground that the court had committed an error of law in entering its judgment. Authority is conferred by section 602 of the Code of Civil Procedure upon a district court to reverse, vacate, or modify its own judgment after the term at which it was rendered, upon the grounds and for the causes in said section enumerated. The power of a district court to vacate or modify its judgment after term is limited to the grounds specified in said section 602 of said Code. (*Iler v. Darnell*, 5 Neb. 192; *Carlow v. Aultman*, 28 Neb. 672; *McBrien v. Riley*, 38 Neb. 561; *Barnes v. Hale*, 44 Neb. 355.) The statute has made no provision for a district court modifying its judgment subsequent to the term when rendered, because of an error of law committed by it in pronouncing or entering the original judgment. It follows that the district court of Nuckolls county had no jurisdiction or power on May 9, 1889, to modify its said judgment of May 5, 1887, and such modification was for that reason void and not enforceable. If the district court of Nuckolls county erred in rendering its original judgment in not allowing Dillon to recover the value of said 3.62 acres of land, he should have had the error corrected by review in this court by proper appellate proceeding. This he did not do, and he is bound by such judgment. Moreover, the modified judgment was rendered more than five years prior to the bringing of this suit, and at the time was dormant, since no portion thereof had been paid, and no execution had been issued thereon. Plaintiff is in this attitude: he seeks to enjoin the defendant from operating its road over the tract in question, and when the road has been operated for several years without objection, until the railroad company shall pay a dormant void judgment. We do not think the plaintiff entitled to such relief. No case has been cited which sustains the plaintiff in his contention. The decree is reversed and the cause dismissed.

REVERSED AND DISMISSED.