IN RE TRUST ESTATE CREATED BY THE LAST WILL AND TESTAMENT OF EDGAR H. SCOTT, DECEASED. ELEANOR SCOTT PAINE, APPELLANT, V. THE UNITED STATES NATIONAL BANK OF OMAHA, SUCCESSOR TRUSTEE, APPELLEE.

257 N. W. 2d 826

Filed October 5, 1977. No. 41332.

Edward J. McCarthy and James R. Sacoman, for appellant.

James R. Schumacher and Morsman, Fike, Davis & Polack, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

Plaintiff-appellant appeals from the overruling of her motion for a new trial filed pursuant to section 25-2001(3), R. R. S. 1943, to vacate an order entered July 29, 1976. Appellee has filed a motion for summary affirmance, which we hereby sustain.

The proceedings originated in the District Court for Douglas County. Following timely and proper notice of hearing to all interested parties, an order approving the final report of the trustee and directing the

distribution of the remaining assets of the testamentary trust was entered on July 29, 1976. Appellant filed a motion for a new trial at the following term of court on January 14, 1977, requesting the court to vacate the order of July 29, 1976, pursuant to section 25-2001(3), R. R. S. 1943. The court concluded at a hearing held January 26, 1977, that the facts presented did not come within that subdivision.

Section 25-2001, R. R. S. 1943, provides that the District Court shall have power to vacate or modify its own judgments or orders after the term at which such judgments or orders were made. Subsection (3) provides: "for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order * * *."

Appellant's brief sets out four assignments of error. Only one of them is pertinent to the issue raised by this appeal: Whether the District Court was correct in concluding that the facts presented at the hearing of January 26, 1977, did not come within subdivision (3) of section 25-2001, R. R. S. 1943. Appellant predicates her motion for relief on that subsection.

We agree with the trial court. Subdivision (3) of section 25-2001, R. R. S. 1943, is not the proper subdivision under which to proceed to modify or vacate an order that is contrary to law after the term of court at which such order was made. Appellant's remedy was a motion for a new trial under subdivision (6) of section 25-1142, R. R. S. 1943. This section provides in pertinent part: * * * The former verdict, report, or decision shall be vacated and a new trial granted on the application of the party aggrieved, for any of the following causes * * *: (6) that the verdict, report or decision * * * is contrary to law." No such motion was filed and time for filing has expired. There is no showing that appellant was unavoidably prevented from filing an application for new trial within 10 days.

Relief under section 25-2001 (3), R. R. S. 1943, is

limited strictly to the grounds enumerated therein. This statutory remedy does not extend to errors of law or judicial acts. The first part of the provision, "for mistake, neglect, or omissions of the clerk . . ." only applies to the actions of the clerk of the court. See Estate of McKenna v. McCormick, 60 Neb. 595, 83 N. W. 844 (1900).

The rest of subdivision (3), section 25-2001, R. R. S. 1943, "or irregularity in obtaining a judgment or order" is defined by McKenna as a judgment or order which is rendered contrary to the course of law and the practice of the courts. The judgment appellant is attempting to set aside was regularly entered. Appellant was notified of its entry. Appellant, however, slept on her rights and waited for approximately 6 months before resorting to the present procedure. She is now attempting to correct what she urges is an error of law by resort to the statutory provision in question.

This court early held that a District Court has no power to vacate or modify its judgment after term, on the ground that an error of law had been committed by it in rendering such judgment. Dillon v. Chicago, Kansas & Nebraska Railroad Co., 58 Neb. 472, 78 N. W. 927 (1899). In that case, resort was sought under the predecessor of the present statute to supply an omission in the previous judgment.

Assuming, as contended by the appellant, that the trial court overlooked a provision in the will, and assuming it would make a difference in the result, a judgment was entered. Appellant did not process an appeal from that alleged erroneous order. That judgment is now final. We agree with the trial court. This is not the type of mistake or irregularity embraced within the ambit of subdivision (3) of section 25-2001, R. R. S. 1943.

The motion for summary affirmance is sustained.

MOTION FOR SUMMARY AFFIRMANCE SUSTAINED.