STATE OF NEBRASKA EX REL. LINDA M. BIRDINE, APPELLEE, V. JOHN FULLER, APPELLANT.

341 N.W.2d 613

Filed December 23, 1983. No. 83-506.

Jerry L. Pettit, for appellant.

Patricia J. Jacobs, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The respondent, John Fuller, appeals from the order of the district court dismissing his petition to vacate a judgment in a paternity action. The trial court found that any right to relief was barred by Neb. Rev. Stat. § 25-2008 (Reissue 1979).

On February 8, 1978, a petition was filed in the district court alleging that the respondent was the father of two children born to the petitioner, Linda M. Birdine. A summons and a copy of the petition were served on the respondent personally. The respondent failed to plead or appear, and a default

judgment was entered against the respondent on April 5, 1978. The trial court found that the respondent was the father of the children, and he was ordered to pay support in the amount of $100 per month for each child.

Thereafter, various proceedings were had in an effort to enforce the order for support. On January 25, 1980, the trial court ordered the respondent to show cause why he should not be proceeded against and punished for having failed and refused to make child support payments as provided in the order of April 5, 1978. A copy of that order was served personally on the respondent, on January 30, 1980. During 1980 and 1981, the respondent made payments, but not in the amounts required by the judgment of April 5, 1978.

On February 4, 1983, the respondent filed an application to vacate the judgment, alleging that the judgment of April 5, 1978, was entered as the result of irregularity and fraud. A petition seeking the same relief was filed February 28, 1983.

Neb. Rev. Stat. § 25-2001 (Reissue 1979) provides that a judgment may be vacated or modified after term for irregularity in obtaining the judgment and for fraud practiced by the successful party. Section 25-2008 provides that proceedings to vacate or modify a judgment for irregularity must be commenced within 3 years after the defendant had notice of the judgment; proceedings to vacate or modify a judgment for fraud must be commenced within 2 years after the judgment is rendered, unless the party thereto is an infant or person of unsound mind, and then within 2 years after removal of such disability.

After the final adjournment of the term of court at which a judgment has been rendered, the court has no authority or power to vacate or modify the judgment except for the reasons stated and within the time limited in § 25-2001. *Lienemann v. Lienemann*, 197 Neb. 449, 249 N.W.2d 902 (1977). See, also, *Meier*

*v. Nelsen*, 156 Neb. 666, 57 N.W.2d 273 (1953). The application of the respondent filed on February 4, 1983, was filed more than 3 years after January 30, 1980, the date on which an order to show cause was served upon the respondent, and more than 4 years after the judgment of April 5, 1978, was entered. The finding of the district court that the proceeding was barred by § 25-2008 is supported by the record.

The respondent argues that in addition to the statutory remedy the trial court may vacate the judgment under its equity powers. In *McNally v. McNally*, 152 Neb. 845, 851, 43 N.W.2d 170, 174 (1950), we said: "Defendants also contend that they are entitled to equitable relief independent of the statutory provisions. We have recently restated the applicable rule: ' "While in a proper case an action in equity to vacate a judgment and obtain a new trial will lie, such relief will not be granted when there is an adequate remedy at law. * * * To be entitled to equitable relief in such a case, the litigant must show that, without fault or laches on his part, he was prevented from proceeding under section 25-2001, R. S. Supp., 1947." ' Nemetz v. Nemetz, *ante* p. 178, 40 N.W.2d 685. No such showing is made."

There is nothing in the record to show a legal reason why the defendant was prevented from defending the action in 1978 or attempting to vacate the judgment after he was served with the order to show cause in 1980.

The judgment is affirmed.

AFFIRMED.

CAPORALE, J., not participating.