STATE OF NEBRASKA EX REL. GLENDA O. WARD, APPELLEE, V.
SCOTT D. PAPE, APPELLANT.
465 N.W.2d 760

Filed February 22, 1991.    No. 88-1076.

Thomas M. Kenney, Douglas County Public Defender, and Gary D. Olson for appellant.

Patricia J. Jacobs for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

The respondent, Scott D. Pape, appeals and assigns as error the district court's refusal to apply retroactively the holding in *Carroll v. Moore*, 228 Neb. 561, 423 N.W.2d 757 (1988), that due process requires the appointment of counsel at public expense for an indigent accused of siring a child, and the resultant failure to vacate its decree declaring Pape to be the sire of two children born unto the relator, Glenda O. Ward, and ordering him to make payments toward their support. We affirm.

The decree in question was rendered on the 26th day of August 1987. *Carroll* was decided on the 20th day of May 1988. The motion to vacate the decree was filed on the 21st day of October 1988 in a proceeding instituted by the petitioner-appellee, State of Nebraska, on the 2d day of September 1988, to have Pape found in contempt for failing to make certain of the ordered payments.

The Nebraska Supreme Court takes judicial notice of those

trial court rules of practice which have been filed with the Supreme Court Clerk in accordance with the requirement of Neb. Ct. Misc. R. (rev. 1989). *Aetna Cas. & Surety Co. v. Nielsen*, 217 Neb. 297, 348 N.W.2d 851 (1984), *overruled on other grounds, First Nat. Bank v. Bolzer*, 221 Neb. 415, 377 N.W.2d 533 (1985); *State v. Barrett*, 200 Neb. 553, 264 N.W.2d 434 (1978). The court from which this appeal is taken constitutes the fourth district court judicial district. Neb. Const. art. V, § 10; Neb. Rev. Stat. § 5-105 (Reissue 1987). The applicable rule of that court provides that its terms commence on January 1 and adjourn on December 31 of each year. Fourth Jud. Dist. R. of Prac. 1G (rev. July 1985). Thus, Pape filed his motion to vacate the decree in question during a term of court commencing after the adjournment of the one during which the decree was rendered.

Neb. Rev. Stat. § 25-2001 (Reissue 1989) provides the only vehicle for a direct action directed at vacating an out-of-term district court decree. *State ex rel. Birdine v. Fuller*, 216 Neb. 86, 341 N.W.2d 613 (1983) (after final adjournment of term of court at which judgment rendered, court has no authority or power to vacate or modify judgment except for reasons stated and within the time limited in § 25-2001). Section 25-2001 reads as follows:

A district court shall have power to vacate or modify its own judgments or orders after the term at which such judgments or orders were made (1) by granting a new trial of the cause within the time and in the manner prescribed in sections 25-1143 and 25-1145; (2) by a new trial granted in proceedings against defendants constructively summoned as provided in section 25-517; (3) for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order; (4) for fraud practiced by the successful party in obtaining the judgment or order; (5) for erroneous proceedings against an infant or person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings; (6) for the death of one of the parties before the judgment in the action; (7) for unavoidable casualty or misfortune, preventing the party from prosecuting or

defending; (8) for errors in a judgment shown by an infant in twelve months after arriving at full age, as prescribed in section 25-1317; and (9) for taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment.

Pape's motion does not indicate upon which provision of the foregoing statute he relies. Indeed, the motion does not reveal the authority under which it was purportedly filed. However, even if the order overruling Pape's motion is a final one in the context presented, a question we do not address, an examination of each of the nine subsections of § 25-2001 reveals that Pape's motion does not fall within any provision of the statute.

Subsection (1) allows the district court to grant a new trial of the cause if the requirements of Neb. Rev. Stat. §§ 25-1143 and 25-1145 (Reissue 1989) are met. Under those statutes, an application for new trial must be filed within 10 days of entry of the judgment, unless unavoidably prevented or for the cause of newly discovered evidence. There is no showing that Pape was prevented from filing a motion for new trial for any reason other than that *Carroll v. Moore, supra*, was not decided within 10 days of the rendition of the decree. Thus, the first part of subsection (1) under these facts merges with the second part. Even if Pape's motion could be construed as being made under that second part on the basis that newly discovered grounds did not exist until this court's ruling in *Carroll*, again a question we do not address, the motion would be barred by the 1-year period of limitation contained in § 25-1145. Therefore, Pape's motion cannot be deemed to come within § 25-2001(1).

Subsections (2), (4), (5), (6), (7), (8), and (9), by their very terms and the lack of any evidence to bring Pape's motion within those terms, are inapplicable to this analysis. Therefore, unless Pape's motion can be deemed properly before the court under subsection (3), his appeal is procedurally barred.

The first part of subsection (3), providing that a judgment may be vacated "for mistake, neglect, or omission of the clerk," applies only to the actions of the district court clerk. See

*Paine v. United States Nat. Bank of Omaha*, 199 Neb. 248, 257 N.W.2d 826 (1977). For that reason, the first part of subsection (3) is inapplicable. The second part of subsection (3), dealing with "irregularity in obtaining a judgment or order," refers to judgments or orders "rendered contrary to the course of law and the practice of the courts." *Paine, supra* at 250, 257 N.W.2d at 827. *Paine* makes clear that relief for *"errors of law* or judicial acts" may not be sought under subsection (3). (Emphasis supplied.) *Id.* By claiming an error of law, Pape removes his motion from consideration under § 25-2001(3).

Because Pape has failed to show that his motion to vacate complies with some portion of § 25-2001, see *State ex rel. Birdine v. Fuller*, 216 Neb. 86, 341 N.W.2d 613 (1983), it cannot be said that the district court abused its discretion in overruling the motion. See *Starr v. King*, 234 Neb. 339, 451 N.W.2d 82 (1990).

Accordingly, the order of the district court is affirmed.

AFFIRMED.