STATE OF NEBRASKA ON BEHALF OF NICHOLAS COOPER, A MINOR CHILD, APPELLEE, V. JAMES HARMON, APPELLANT.

512 N.W.2d 656

Filed March 1, 1994. No. A-93-705.

David L. Herzog, P.C., and Linda Frederick Thompson for appellant.

William L. Monahan and Kelley F. Lanphier for appellee.

CONNOLLY, HANNON, and WRIGHT, Judges.

WRIGHT, Judge.
James Harmon appeals the order of the district court which determined he is the father of Nicholas Cooper and which ordered him to pay child support in the amount of $400 per month. We affirm.

## SCOPE OF REVIEW

In filiation proceedings tried to the court without a jury, the findings of the trial court have the same effect as a jury verdict, and such findings will not be disturbed unless clearly wrong. *Gregory v. Davis*, 214 Neb. 408, 334 N.W.2d 1 (1983); *State ex rel. Mooney v. Duer*, 1 Neb. App. 84, 487 N.W.2d 575 (1992).

## FACTS

The State of Nebraska, on behalf of Nicholas Cooper, a minor child, commenced this action against James Harmon pursuant to Neb. Rev. Stat. §§ 43-512.03 (Cum. Supp. 1992) and 43-1401 et seq. (Reissue 1988 & Cum. Supp. 1992). The mother, Catherine Cooper, testified that she had a sexual relationship with Harmon from June 1990 until approximately 1 month before the baby was born in July 1991. She denied having sexual relations with any other men during that time. The blood test results of the mother, child, and Harmon were received over Harmon's objection. The report concluded: "JAMES C[.] HARMON, cannot be excluded as the biological father of the child, NICHOLAS COOPER, since they share genetic markers. Using the above systems, the probability of paternity is 99.99%, as compared to an untested, unrelated man of the North American Black population."

A portion of Harmon's deposition testimony was offered at trial as an admission against interest, in which he admitted having a sexual relationship with the mother, beginning about July 1990 and continuing to the end of September 1990. The

basis of Harmon's objection to this testimony is not clear from the record. He had previously filed an objection to the State's motion for genetic testing, arguing that the motion violated his constitutional rights. The district court subsequently ordered genetic testing and compelled Harmon to answer questions which he had refused to answer at his first deposition. At trial, Harmon's counsel stated:

> I should amplify the objection for the record, Your Honor. Previously, the respondent claimed his privilege under the Fifth Amendment and other — and other bases and reasons the Court overruled those objections on a prior occasion. I don't want this record to indicate that I'm waiving those objections. I merely object to the receipt of those admissions.

Harmon's answer was filed December 2, 1991. A request for a jury trial was not filed until February 9, 1993.

At trial, Harmon did not appear, but was represented by his attorney. Upon receipt of the evidence, the court found that Harmon is the father of the child and owes a corresponding duty to provide financial support. He was ordered to pay child support in the amount of $400 per month commencing August 1, 1993, and to exercise any option for health and hospitalization insurance or health maintenance plan coverage which may become available to him through an employer or other organization.

## ANALYSIS

Harmon asserts that the court erred in requiring him to answer deposition questions regarding his sexual relations with the mother. He relies upon Neb. Rev. Stat. § 25-1210 (Reissue 1989), which provides: "When the matter sought to be elicited would tend to render the witness criminally liable, or to expose him to public ignominy, he is not compelled to answer, except as provided in section 25-1214." Neb. Rev. Stat. § 25-1214 (Reissue 1964) has been repealed. See 1975 Neb. Laws, L.B. 279, § 75.

Since this is not a criminal proceeding, we consider whether the questions would expose Harmon to public ignominy. Obviously, the question of whether Harmon had sexual

relations with the mother is relevant evidence. The relationship between Harmon and the mother makes the existence of paternity more probable than it would be without the evidence. See *State v. Thompson*, 244 Neb. 375, 507 N.W.2d 253 (1993).

"All relevant evidence is admissible except as otherwise provided by . . . the Legislature . . . ." Neb. Rev. Stat. § 27-402 (Reissue 1989). Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Neb. Rev. Stat. § 27-403 (Reissue 1989). Here, the issue is whether Harmon is the father of the child. We find that § 25-1210 has no application to this case and that Harmon was properly compelled to answer the questions.

■ The Minnesota Court of Appeals has held that the ultimate issue in a paternity case is whether the putative father is the actual father of the child. "Relevant evidence of paternity includes evidence of sexual intercourse between the mother and alleged father at any possible time of conception and the results of blood testing." *Weihe v. Hendley*, 389 N.W.2d 754, 756 (Minn. App. 1986). We agree with this statement and find that there was no error in the trial court's requiring Harmon to answer questions concerning his sexual relationship with the mother and the admission of the testimony as an admission against interest.

Harmon also contends that the trial court erred by denying him a trial by jury. Section 43-1412 provides in part:

The method of trial shall be the same as that in other civil proceedings, except that the trial shall be by the court without a jury unless a jury is requested (1) by the alleged father, in a proceeding instituted by the mother as the guardian or next friend, or (2) by the mother, in a proceeding instituted by the alleged father.

■ An appellate court has authority to take judicial notice of local court rules which are properly filed with the appellate court. *State ex rel. Ward v. Pape*, 237 Neb. 283, 465 N.W.2d 760 (1991). The applicable Douglas County District Court rule states that a paternity case shall be tried without a jury unless the alleged father includes in his answer a request for a jury trial. Fourth Jud. Dist. R. of Prac. 12L (rev. May 1993). Harmon's answer was filed in 1991, and he did not file a request

or demand for a jury trial until 1993. We find that Harmon's request for a jury trial was not timely and did not comply with the above rule. The trial court did not err in refusing Harmon's request for a jury trial.

■ Harmon asserts that the trial court erred in overruling his objection to genetic testing. This assignment of error is not discussed in his brief, and an appellate court will not consider assignments of error which are not discussed in the brief. *Brewer v. Brewer*, 244 Neb. 731, 509 N.W.2d 10 (1993).

■ Harmon also contends the court erred in admitting exhibit 2, the Roche Biomedical Laboratories blood test documentation, without any foundation as required by "the Federal Rules of Evidence." Brief for appellant at 13. Exhibit 2 includes a verified chain-of-custody report and indicates a 99.99 percent probability that Harmon is the father of the minor child. In all proceedings where the Nebraska Evidence Rules apply, admissibility of evidence is controlled by those rules and not by judicial discretion, except in those instances under the Nebraska Evidence Rules when judicial discretion is a factor involved in admissibility of evidence. *VonSeggern v. Willman*, 244 Neb. 565, 508 N.W.2d 261 (1993). The report included in exhibit 2 indicates results related to red-cell antigens, leukocyte antigens, red-cell enzymes, and serum proteins. There is no mention made of any DNA testing or results. Section 43-1414 provides in part: "In any proceeding to establish paternity, the court may, on its own motion, or shall, on a timely request of a party, after notice and hearing, require the child, mother, and alleged father to submit to genetic testing to be performed on blood or any other appropriate tissue."

■ The results of such tests are admissible in evidence and may be introduced by a verified written report, unless one of the parties makes a timely request for the personal testimony of the expert at least 30 days prior to trial. § 43-1415. "The chain of custody of blood or tissue specimens shall be competent evidence and admissible by stipulation or by a verified written report unless a timely request for testimony is made at least thirty days prior to trial." § 43-1416. Harmon did not make a request for testimony from a representative of the laboratory which conducted the testing, either prior to or during the trial.

We find that the court correctly allowed the admission of this evidence.

Exhibit 7 is a copy of an article from National Geographic Magazine which Harmon claimed was intended to reveal the proper scientific steps which must be used in genetic testing. The court sustained an objection to this exhibit for lack of foundation. We find no error in the court's refusal to admit exhibit 7 into evidence. See *VonSeggern v. Willman, supra.*

Harmon contends there was insufficient evidence to corroborate the mother's claim as required under § 43-1412. Corroboration "means independent evidence which tends to strengthen or otherwise to confirm the testimony of the mother of the child whose paternity is in issue." *Gregory v. Davis*, 214 Neb. 408, 411, 334 N.W.2d 1, 2 (1983). The mother testified that the parties had a sexual relationship until approximately 1 month before the baby's birth. In his deposition, Harmon admitted he had a sexual relationship with the mother between July and September 1990. The child was born July 14, 1991; weighed 8 pounds, 5 ounces; and was a full-term baby. The test results establish that there is a 99.99 percent probability that Harmon is the father. This evidence was properly admitted and corroborates the testimony of the mother.

In filiation proceedings tried to the court without a jury, the findings of the trial court have the same effect as a jury verdict, and such findings will not be disturbed unless clearly wrong. *Gregory v. Davis, supra; State ex rel. Mooney v. Duer*, 1 NCA 268, 487 N.W.2d 575 (1992).

Since there has been no cross-appeal, the retroactivity of the order for support is not before us, and the judgment of the district court is affirmed.

AFFIRMED.